■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ORTIZ, Also Known as JOHN ORTIZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered May 5, 1988, convicting him of assault in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

In this case arising out of an altercation between the defendant, an inmate at a State prison, and a corrections officer, we find that contrary to the defendant's contentions, the prosecution proved the defendant's guilt beyond a reasonable doubt. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree beyond a reasonable doubt and to disprove the defense of justification beyond a reasonable doubt (see, Penal Law § 120.05 [7]).

Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to

be determined by the trier of facts, which saw and heard the witnesses (see, *People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, *People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Balletta, J. P., Miller, Ritter and Copertino, JJ., concur.